SCOTT T. CLIFF
THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW Beveland Road, Suite 200
Portland, OR  97223
Tel: 503-922-2071
Fax: 503-971-338-4449
Email: scott@scottcliff.com

Trial Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **HERDDOGG, INC.**, <br> A Delaware Corporation, <br><br> Plaintiff <br> v. <br><br> **JEFF BONNINGTON,** <br> an individual, <br><br> Defendant | Case No.: <br><br> **COMPLAINT** <br><br> Unauthorized Access to Computer, 18 U.S.C. § 1030(g) <br> Misappropriation of Trade Secrets, 18 U.S.C. § 1836(b)(1) <br> Oregon Uniform Trade Secrets Act, ORS 646.461 <br> Breach of Nondisclosure Agreement <br> Breach of the Duty of Loyalty <br><br> **JURY TRIAL DEMANDED** |

Plaintiff hereby alleges as follows:

### NATURE OF THE ACTION

1.	This is an action pursuant to 18 U.S.C. § 1836(b)(1) and 18 U.S.C. § 1030(g) for relief from Defendant's misappropriation of Plaintiff's trade secrets by unauthorized access to Plaintiff's protected computers, in violation of his express, written agreement not to use or disclose Plaintiff's confidential information.

Page 1 – COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW BEVELAND ROAD, SUITE 200
PORTLAND, OR 97223
PH: (503) 922-2071
FAX: (503) 620-5187
WWW.SCOTTCLIFF.COM

2. This is also an action under Oregon state law for violation of the Oregon Uniform Trade Secrets Act, breach of non-disclosure provisions, and breach of the duty of loyalty Defendant owed Plaintiff during his employment.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331.

4. The court has jurisdiction over plaintiffs' state law claims set forth in this Complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5. The actions alleged herein were committed in the District of Oregon and within the Medford Division.

## THE PARTIES

6. Plaintiff is a Delaware Corporation headquartered in Ashland, Oregon.

7. Defendant, a former employee of Plaintiff's, is an adult individual who at all times material to the claims herein resided in Oregon.

## FACTUAL ALLEGATIONS

8. Plaintiff hired Defendant on or about October 20, 2018 to be its Vice President of Manufacturing and subsequently promoted him to Chief Operations Officer.

9. Defendant's job duties included, among others, oversight of the production process, safety and compliance with laws, rules and regulations relating thereto.

Page 2 – COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW BEVELAND ROAD, SUITE 200
PORTLAND, OR 97223
PH: (503) 922-2071
FAX: (503) 620-5187
WWW.SCOTTCLIFF.COM

10. In the performance of his job duties, Defendant was granted access to Plaintiff's confidential information, including technical information and other proprietary information developed by Plaintiff at substantial expense, all of which was stored on Plaintiff's protected computers.

11. On September 30, 2018, and again on about January 2, 2019, Defendant signed separate "Invention Assignment Agreement[s]" (the "Agreements") which included, among other provisions, the following promises:

    1. I agree that during and after my term of my employment with the Company:

    (a) I shall keep secret all Confidentiality Information and not reveal or disclose it to anyone outside of the Company, except with the Company's prior written consent;

    (b) I shall not make use of any Confidential Information for any purpose other than as required to perform services for the Company pursuant to my employment with the Company;

    (c) I shall not reverse engineer, de-encrypt, or otherwise derive the design, internal logic, structure or inner workings (including, without limitation, algorithms and source code) or any software, products, models, prototypes or other Company property; and

    (d) I shall deliver promptly to Company, upon the termination of my employment and at any time Company may so request, all software, data, memoranda, notes, records and other documents (and all copies thereof) constituting or relating to such Confidential Information which I may then possess.

12. The Agreements defined "Confidential Information" as:

    *** any information of a private, secret or confidential nature concerning the Company, whether not existing or hereinafter developed or disclosed, and includes, but is not limited to, (i) Company's research, trade secrets, markets, software, developments, inventions, ideas, processes, computer source and object code, data, programs, formulas, technology, designs, engineering, hardware configuration, marketing and business plans, licenses, information related to customer and prospects, databases, financial information, "know how", methodologies, supplier lists, techniques,

Page 3 – COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW BEVELAND ROAD, SUITE 200
PORTLAND, OR 97223
PH: (503) 922-2071
FAX: (503) 620-5187
WWW.SCOTTCLIFF.COM

procedures, pricing, business plans, or accounting; (ii) information or materials which relate to Company's research, technology, engineering, trade secrets, discoveries and the nature and results of research and development activities, and proprietary information not known generally in the community; (iii) any information or data of the type described above which I created or developed that relates to my work at the Company during my employment with the Company, and (iv) any information or data of the type described above furnished to Company by third parties, as to which Company has assumed obligations of confidentiality. Confidential Information was developed and will be developed by the Company at great expense and constitutes trade secrets and proprietary information of the Company, and will be the sole and exclusive property of the Company. In addition, Company's business is dependent upon being able to adequately keep its employees from using and/or disclosing Confidential Information of the Company except as expressly permitted hereunder.

13.     Almost immediately upon being promoted to COO, Defendant began delegating to other employees duties he had been hired to perform and was expressly instructed to perform after his promotion, including improving the production process, managing inventory, overseeing shipping, OSHA and employee safety in the production process, as well as installation of a security system and development of a recall process.

14.     Most significantly, Defendant failed to write a critical grant despite having been given two months to do so, ultimately resulting in Plaintiff's CEO, Melissa Brandao, having to do the job herself over a weekend in order to meet the submission deadline.

15.     Having come to realize that Defendant had failed to do what he was hired to do and had oversold the company on his abilities to do the job, and having had to spend the weekend doing a critical part of his job he had neglected, Brandao informed Defendant at approximately 9:00 the following Monday morning, January 17, 2019, that his employment was terminated effective immediately.

16.     Despite having been instructed to leave at the office all company property, including the company laptop that had been assigned to him, Defendant took the laptop and keys to the office and retained them both after his discharge until approximately 3:15 PM that day.

Page 4 – COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW BEVELAND ROAD, SUITE 200
PORTLAND, OR 97223
PH: (503) 922-2071
FAX: (503) 620-5187
WWW.SCOTTCLIFF.COM

17. Upon receipt of the company laptop from Defendant, Plaintiff discovered that Defendant had locked access to the laptop and would not provide the access code.

18. Despite repeated demands for the password, Defendant and his attorney withheld it from Plaintiff for while they attempted to get plaintiff to pay defendant money Defendant claimed he was owed.

19. On January 22, 2019, Defendant emailed Plaintiff's investors and potential investors, using email addresses he acquired from Plaintiff's confidential data, and falsely accused Plaintiff of "unprofessional" behavior and was "erratic and impulsive actions" that "put HerdDogg squarely on a path for failure, with dire consequences for investors, employees and the potential of the company."

20. On January 30, 2019, Defendant's attorney emailed investors and potential investors using wrongly-acquired, confidential email addresses, falsely claiming that Defendant had been retaliated against for reporting OSHA violations to Brandao and demanding that all investors preserve potential evidence.

21. As a result of the email messages described above, two investors who had been prepared to invest a total of $1,200,000 in Plaintiff declined to do so at a critical time in Plaintiff's growth, the economic consequences of which remain uncertain but could result in the demise of Plaintiff and total losses of over $7,000,000.

22. On February 21, 2019, over a month after Defendant locked Plaintiff out of the laptop plaintiff had taken, Defendant's attorney provided the password and Defendant was able to gain access to its files, only to discover that all files under Defendant's user had been deleted.

23. Subsequent forensic examination of the computer and Defendant's activities on Plaintiff's data bases revealed that Defendant had accessed files and date on Plaintiff's protected computers multiple times after his termination and that while he was still employed

Page 5 – COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW BEVELAND ROAD, SUITE 200
PORTLAND, OR 97223
PH: (503) 922-2071
FAX: (503) 620-5187
WWW.SCOTTCLIFF.COM

by Plaintiff, Defendant had uploaded onto OneDrive™, to an account accessible to anyone provided with a password, large amounts of Confidential Information including, among other things, schematics, specifications, technical data and customer lists.

24. Upon information and belief based upon Plaintiff's ongoing investigation into Defendant's actions, Defendant misappropriated Plaintiff's Confidential Information both before and after his discharge for the purposes of ruining Plaintiff's business, exploiting Plaintiff's technology and connections in the marketplace, and setting up his own competing business.

### FIRST CLAIM FOR RELIEF

(Unauthorized Access to Computer, 18 U.S.C. § 1030(g))

Plaintiff realleges paragraphs 1-24 as if fully set forth herein and further alleges:

25. The files accessed by Defendant as alleged herein were stored on protected computers used in interstate commerce. 18 U.S.C. § 1030(e)(2)(B).

26. Defendant's actions in accessing Plaintiff's protected computers for the purposes of copying them into OneDrive™ during his employment exceeded his authorized access, and all accesses after his employment were unauthorized, all in violation of The Computer Fraud and Abuse Act of 1986, as amended, 18 U.S.C. § 1030(a)(2)(C).

27. Defendant's unauthorized accesses to Plaintiff's protected computer as alleged herein has caused losses to one or more persons aggregating at least $5,000 during a one-year period for the purposes of 18 U.S.C. § 1030(c)(4)(A)(i)(I) and (g) and damages in amounts to be determined and proven at trial, including compensatory damages.

### SECOND CLAIM FOR RELIEF

(Misappropriation of Trade Secrets, 18 U.S.C. § 1836(b)(1))

Plaintiff realleges paragraphs 1-27 as if fully set forth herein and further alleges:

Page 6 – COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW BEVELAND ROAD, SUITE 200
PORTLAND, OR 97223
PH: (503) 922-2071
FAX: (503) 620-5187
WWW.SCOTTCLIFF.COM

28. The files, data and information authorized, copied and misappropriated by Defendant included Plaintiff's trade secrets, as defined by 18 U.S. Code § 1839(3), related to products used and/or intended to be used in interstate and foreign commerce.

29. Pursuant to 18 U.S.C. § 1836(b)(3)(A)(i), Plaintiff is entitled to an injunction preventing Defendant from engaging in further acts of misappropriation because further such acts pose an immediate and substantial threat of irreparable harm to Plaintiff in the form of lost exclusive technology critical to Plaintiff's business and lost investors and/or grants at a critical time in Plaintiff's start-up phase.

30. Pursuant to 18 U.S.C. § 1836(b)(3)(B)(i)(I and II), Plaintiff is entitled to damages for actual loss caused by Defendant's misappropriation as well as damages for unjust enrichment of Defendant due to the misappropriation of Plaintiff's trade secrets.

31. Pursuant to 18 U.S.C. § 1836(b)(3)(C), Plaintiff is entitled to an award of exemplary damages of up to twice the combined actual damages and unjust enrichment damages as determined at trial on the grounds that Defendant's misappropriation of Plaintiff's trade secrets was willful and malicious.

### THIRD CLAIM FOR RELIEF

(Breach of Oregon Uniform Trade Secrets Act, ORS 646.461, *et seq*.)

Plaintiff realleges paragraphs 1-31 as if fully set forth herein and further alleges:

32. Pursuant to ORS 646.463, Plaintiff is entitled to injunctive relief to enjoin further acts of misappropriation and misuse of Plaintiff's confidential information.

33. Pursuant to ORS 646.465, Plaintiff is entitled to damages adequate to compensate it for Defendant's misappropriation of Plaintiff's trade secrets, as defined in ORS 646.461(4), including punitive damages of up to twice the combined actual damages and unjust enrichment damages as determined at trial on the grounds that Defendant's misappropriation of Plaintiff's trade secrets was willful and malicious.

Page 7 – COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW BEVELAND ROAD, SUITE 200
PORTLAND, OR 97223
PH: (503) 922-2071
FAX: (503) 620-5187
WWW.SCOTTCLIFF.COM

34. Pursuant to ORS646.467(3), Plaintiff is entitled to its reasonable attorneys' fees incurred herein because Defendant's misappropriation was both willful and malicious.

### FOURTH CLAIM FOR RELIEF

(Breach of Nondisclosure Agreements)

Plaintiff realleges paragraphs 1-33 as if fully set forth herein and further alleges:

35. Defendant has breached his Agreements with Plaintiff by engaging in the conduct alleged herein as follows:

    (a) By failing to keep secret all Confidential Information and by revealing or disclosing it to persons outside of the Company without Plaintiff's prior written consent;

    (b) By making use of Confidential Information for purposes other than as required to perform services for Plaintiff pursuant to his employment with Plaintiff;

    (c) On information and belief, by reverse-engineering, de-encrypting, or otherwise deriving the design, internal logic, structure or inner workings (including, without limitation, algorithms and source codes) of software, products, models, prototypes and other property of Plaintiff's;

    (d) By failing to deliver promptly to Plaintiff, upon the termination of his employment and at other times requested by Plaintiff, all software, data, memoranda, notes, records and other documents (and all copies thereof) constituting or relating to such Confidential Information which he possesses;

    (e) By failing to promptly inform Plaintiff of the full details of all his inventions, discoveries, concepts and ideas he created, conceived, completed, or reduced to practice while employed by Plaintiff as required by paragraph 2 of his Agreement.

36. Pursuant to paragraph 9 of Defendant's January 2, 2019 Agreement with Plaintiff, Plaintiff is entitled to an injunction to enforce the Agreement and to attorneys' fees and costs in such action.

//

//

Page 8 – COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW BEVELAND ROAD, SUITE 200
PORTLAND, OR 97223
PH: (503) 922-2071
FAX: (503) 620-5187
WWW.SCOTTCLIFF.COM

## FIFTH CLAIM FOR RELIEF

(Breach of the Duty of Loyalty)

Plaintiff realleges paragraphs 1-36 as if fully set forth herein and further alleges:

37. At all times during his employment with Plaintiff, Defendant owed Plaintiff a duty of loyalty as his employer.

38. Defendant breached his duty of loyalty in the following ways during his employment:

(a) By copying Plaintiff's confidential information and uploading it onto One Drive for the purposes of accessing it after termination of his employment and sharing it with other persons having no right to such confidential information;

(b) By engaging in work for the benefit of a company Defendant was planning to set up while being paid by Plaintiff and while using facilities and equipment furnished by Plaintiff;

(c) By engaging other employees of Plaintiff to assist Defendant with his own personal business plans while both were being paid by Plaintiff; and

(d) By deliberately failing to perform certain job duties, including preparation of the "Phase 0" grant; and

(e) By destroying data files containing information critical to Plaintiff's business.

39. Plaintiff is entitled to recover from Defendant damages caused by Defendant's violations of his duty of loyalty in an amount to be established at trial.

**Plaintiff demands that all claims triable to a jury be so tried.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the court enter judgment as follows:

1. Awarding money damages to Plaintiff in amounts to be proven on each of Plaintiff's claims, along with costs and attorneys' fees incurred herein;

//

//

Page 9 – COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW BEVELAND ROAD, SUITE 200
PORTLAND, OR 97223
PH: (503) 922-2071
FAX: (503) 620-5187
WWW.SCOTTCLIFF.COM

2. Issuing a Permanent Injunction prohibiting Defendant from continuing to breach his contractual and statutory obligations not to access and use or disclose Plaintiff's trade secrets and other confidential information and awarding Plaintiff its reasonable attorneys' fees and costs incurred in obtaining injunctive relief pursuant to ORS646.467(3); and

3. For such other relief as the court deems just and appropriate.

DATED this 9th day of April 2019.

THE LAW OFFICE OF SCOTT T. CLIFF

s/ Scott T. Cliff
Scott T. Cliff, OSB # 871918
503-922-2071
Trial Attorney for Plaintiff

Page 10 – COMPLAINT

THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW BEVELAND ROAD, SUITE 200
PORTLAND, OR 97223
PH: (503) 922-2071
FAX: (503) 620-5187
WWW.SCOTTCLIFF.COM